Craig M. Murphy, Esq.
California Bar No. 314526
craig@nvpilaw.com
MURPHY & MURPHY LAW OFFICES
4482 Market Street, Ste 407
Ventura, CA 93003
(805) 330-3393
(702) 369-9630 Fax
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR FITZGERALD, individually and as Parent and Guardian of R.B., a Minor Child,<br><br>Plaintiffs,<br>v.<br><br>PAPA MURPHY'S INTERNATIONAL, LLC, a Foreign Corporation d/b/a PAPA MURPHY'S TAKE N BAKE; DOES 1 through 10, inclusive; and ROE ENTITIES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 18-cv-01214-JAM-DB<br><br><br>**ORDER GRANTING EX-PARTE PETITION FOR COMPROMISE OF MINOR'S CLAIM** |
| PAPA MURPHY'S INTERNATIONAL, LLC,<br><br>Third-Party Plaintiff,<br>v.<br><br>CH ROBINSON COMPANY, et al.,<br><br>Third-Party Defendant. | Hearing Date:<br>Hearing Time: |

This matter comes before the Court on Plaintiff's Ex-Parte Petition for Compromise of Minor's Claim. [Doc. No. 41] Based upon the Court's review of the papers, ~~the Compromise hearing held on~~ _Jan_ ~~, 2019, if any~~, and for the reasons set forth below, the Court GRANTS the petition.

///

///

- 1 -

# I.

# BACKGROUND

Petitioner is the natural parent and guardian of R.B., a minor. R.B. is 8 years old, having been born on June 26, 2011. As of May 8, 2018, federal, state and local health officials attributed a multi-state outbreak of Escherichia coli O157:H7 to romaine lettuce from Yuma, Arizona. [Doc. No. 4, p. 11]. On or about April 10, 2018, R.B. consumed romaine lettuce from the Yuma, Arizona growing region in a salad at the Papa Murphy's restaurant located at 4819 Granite Drive, Rocklin, California 95677. The romaine lettuce was contaminated by *E. coli* O157:H7 bacteria, leading to R.B.'s *E. coli* O157:H7 infection and related injuries. [Doc. No. 4, p. 13]. R.B. began feeling ill around April 12, 2018. He experienced fevers, agonizing abdominal cramps, and bloody diarrhea, culminating in his admittance to Sutter General Sacramento on March 14, 2018. [Doc. No. 4, p. 13]. R.B. tested positive for *E. coli* O157:H7. [Doc. No. 4, p. 13]. R.B. remained hospitalized until April 30, 2018. During his hospitalization, he developed HUS, and required four blood transfusions. *Id.* Defendants produced, distributed, and sold the contaminated food product that injured R.B., and caused his E. coli O157:H7 infection. The Defendants are, therefore, manufacturers, distributors, and sellers of an adulterated food product, and the adulterated food product reached R.B. without substantial change from the condition in which it was sold by the Defendants. [Doc. No. 4, p. 13].

Prior to the filing of Plaintiffs' Complaint and First Amended Complaint in this matter, the parties had engaged in extensive settlement negotiations and attempts to settle the Plaintiffs' claims. The Complaint and First Amended Complaint were filed when the settlement negotiations were at an impasse. After the filing of the First Amended Complaint, the parties resumed settlement negotiations. In an attempt to foster settlement negotiations and to avoid litigation costs and expenses, the parties agreed to dismiss the case without prejudice. [Doc. No. 37]. On September 12, 2018, the Court entered an Order dismissing the case per the parties' Stipulation. [Doc. No. 38].

The parties thereafter continued pursuing this case and eventually agreed to settle Plaintiffs' claims as a result of a private mediation. On November 14, 2019 Plaintiffs filed an Ex-Parte Petition to re-open this case to allow them to file an Ex-Parte Petition to Compromise Minor's

Claim. [Doc. No. 39]. On November 15, 2019, this Court entered an Order re-opening this case [Doc. No. 40] to allow Plaintiffs to file their Ex-Parte Petition for Compromise of Minor's Claim. [Doc. No. 41]. The parties agreed to settle Plaintiffs' claims for $525,000.00. Plaintiffs requested that a Structured Settlement be established for the deposit and safe-keeping of settlement funds. The Structured Settlement will allow for the best compounding of the settlement funds until R.B. reaches the age of 18, and further provides for the periodic payment of the funds after R.B. reaches 18 to further ensure he maximizes the benefits of this settlement once he reaches the age of majority. Plaintiffs therefore sought the Court's approval of the settlement and the establishment of the Structured Settlement annuity payable to R.B. the minor herein.

## II.

## DISCUSSION

It is well-settled that district courts have a special duty to safeguard the interests of minor children in the context of settlements proposed in civil lawsuits or claims for damages. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); see also Fed. R. Civ. P. 17(c)(2) (district courts "must appoint a guardian ad litem-or issue another appropriate order-to protect a minor or incompetent person who is unrepresented in an action.") "This special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interest of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). See also *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

In evaluating the propriety of a proposed settlement of a minor's claim and "in considering the fairness of a minor's state law settlement, federal courts generally require that claims by minors . . . be settled in accordance with the applicable state law." *Lobaton v. City of San Diego*, Case No. 3:15-cv-1416-GPC-DHB, 2017 WL 2610038, at *2 (June 16, 2017) (internal quotation marks and citation omitted). California law requires court approval of a settlement for a minor and attorney's fees to represent a minor. CAL. PROB. CODE § 3601; CAL FAM. CODE § 6602. The court is

tasked with evaluating the reasonableness of the settlement and determining whether the compromise is in the best interest of the minor before approving a settlement. *Espericueta v. Shewry*, 164 Cal. App. 4th 615, 617 (2008). Furthermore, California Probate Code Section 3601 authorizes the court approving a compromise of a minor's disputed claim to "make a further order authorizing and directing that reasonable expenses, medical or otherwise[,] . . . costs, and attorney's fees, as the court shall approve and allow therein, shall be paid from the money or other property to be paid or delivered for the benefit of the minor. CAL. PROB. CODE§ 3601(a). The statute "bestows broad power on the court to authorize payment from the settlement - to say who and what will be paid from the minor's money - as well as direct certain individuals to pay it." *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382 (1994).

However, following the Ninth Circuit's decision *in Robidoux*, district courts have been split on whether or not to apply *Robidoux* when evaluating the propriety of a settlement of a minor's state law claims. See *Lobaton*, 2017 WL 2610038, at *2; see also id. at n. 1 (collecting district court cases). The *Robdioux* court provided that in cases involving the settlement of a minor's federal claims, district courts should "limit the scope of their review to the question of whether the net amount distributed to each minor plaintiff is fair, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robdioux*, 638 F.3d at 1181. Here, the instant case was filed in this Court on the basis of diversity of citizenship. Thus, the court should apply California law and focus on whether "the compromise is sufficient to provide for the minor's injuries, care and treatment." *Goldberg*, 23 Cal. App. 4th at 1382. As a guide, the court may consider the guidelines set forth in *Robidoux* because they provide a "framework for evaluating the reasonableness and fairness of Plaintiff's settlement." *Lobaton*, 2017 WL 2610038, at *2.

The court finds that the proposed settlement of R.B.'s claims is fair, reasonable and in the best interest of R.B. The proposed settlement would result in a total payment of $525,000.00 to R.B. The proposed settlement provides that $131,250.00.00 of the proceeds would be paid to R.B.'s counsel and that $8,567.45 would be reimbursed to counsel as and for costs incurred in this matter. The proposed settlement further provides that Plaintiff, Taylor Fitzgerald, R.B.'s mother, be reimbursed $8,558.53 in lost wages due to missed work while caring for R.B. and seeing to his

- 4 -

medical care and treatment, and repaid $895.00 in out-of-pocket expenses incurred for the care and treatment of R.B. The proposed settlement further provides that R.B.'s healthcare insurance provider's lien of $21,493.86 be repaid. Thus, R.B., the minor, would receive a net payment of $354,235.16, which shall be deposited into a structured settlement annuity with Pacific Life & Annuity Services, Inc. [Doc. No. 41-6, pp. 1-7; and Doc. No. 41-8, p. 2].

The claims in this matter have been ongoing since May 2018. Plaintiffs' counsel pursued claims against the named Defendants in this matter. Prior to the filing of the Complaint in this matter, the parties had engaged in extensive settlement negotiations and attempts to settle the Plaintiffs' claims. [Doc. No. 41, p. 3]. The Complaint was filed when the settlement negotiations were at an impasse. The parties continued to engage in settlement discussions and the case was voluntarily dismissed by the parties without prejudice. [Doc. No. 37]. Since the voluntary dismissal, the parties resumed settlement negotiations and they have reached the settlement proposed to this court through private mediation.

THE COURT FINDS that the proposed settlement allows for certainty in the resolution of R.B.'s claims and avoids the uncertainty and expense of trial. Plaintiffs' counsel has extensive experience in the area of food borne illness cases, and has reached similar, if not lesser results for clients in other matters of a similar nature throughout the country. Accordingly, the court finds that the proposed settlement in fair, reasonable and in the best interest of R.B.

THE COURT FURTHER FINDS that the method of disbursement of the settlement proceeds is fair, reasonable and in compliance with applicable law. Under California Probate Code §3600 et. seq. various alternatives are available for holding the funds of a settlement of a minor or incompetent, one such alternative is a structured settlement annuity. The California Code provides that upon petition by the guardian on behalf of the minor child or incompetent, the funds may be deposited in an insured account or a deferred annuity subject to withdrawal only upon Court Order. See CAL. PROB. CODE § 3602(c)(1). The settlement comports with this provision by providing that the balance of the settlement be placed in a structured settlement annuity with Pacific Life and Annuity Services, Inc., which will be disbursed pursuant to the terms and conditions of the annuity commencing when the minor reaches the age of eighteen. Specifically:

$32,000.00 payable semi-annually, guaranteed for five years, beginning on 06/21/2029, with the last guaranteed payment on 12/21/2033;
$500.00 payable monthly, guaranteed for five years, beginning on 06/21/2029, with the last guaranteed payment on 05/21/2034; and
$144,937.87 paid as a lump sum 06/21/2036, guaranteed.

[Doc. No. 41-8, p. 2]

## III.

## ATTORNEY'S FEES AND COSTS

Attorneys' fees and costs are typically controlled by statute, local rule or local custom. Generally, fees in minor's cases have historically been limited to 25% of the gross recovery. In California, courts are required to approve the attorneys' fees to be paid for representation of a minor. See CAL. PROB. CODE § 2601; Cal. Rule of Ct. 7.955. To determine whether the fee is reasonable courts consider a myriad of factors including: the amount of the fee in proportion to the value of the services performed; the novelty and difficulty of the questions involved and skills required; the amount involved and the results obtained; and the experience and ability of the attorney. Cal. Rule of Ct. 7.955(b). In instances where a contingency fee has been proposed "most courts require a showing of 'good cause' to award more that 25% of any recovery" whereas a greater reward is "rare and justified only when counsel proves that he or she provided extraordinary services." *Schwall v. Meadow Wood Apts.*, No. CIV. S-07-0014 LKK, 2008 WL 552432, at *1-2 (E.D. Cal. Feb. 27, 2008) (quoting 2 Weil & Brown, Cal. Practice Guide: Civ. Proc. Before Trial §§ 12:576-12:577, 12-17 (2007)).

Plaintiffs' counsel seeks $131,250.00.00 in attorney's fees, a sum that represents 25 percent of the gross settlement. Petitioner's counsel further requested the reimbursement of $8,567.45 in costs incurred in this matter.

THE COURT FINDS that in consideration of the duration of this case, the amount of work performed by Plaintiffs' counsel, and that the fee request's adherence to the 25 percent limit historically applied, the amount of attorney's fees is reasonable and does not suggest that the settlement was unfair. Likewise, the amount of costs requested is fair and reasonable in light of the work performed and the amount of the settlement obtained.

- 6 -

## IV.

**WAGE LOSS, OUT-OF-POCKET EXPENSES AND HEALTHCARE INSURANCE LIEN**

Plaintiffs request that Plaintiff, Taylor Fitzgerald, be reimbursed her lost wages and out-of-pocket expenses incurred during R.B.'s hospitalization and course of treatment. [Doc. No. 41, p. 6; p. 7; Doc. No. 41-4, p. 2; Doc. No. 41-5, pp. 2-8]. Plaintiff, Taylor Fitzgerald request repayment of her lost wages in the amount of $8,558.53, and $895.00 in out-of-pocket expenses.

THE COURT FINDS that Plaintiff, Taylor Fitzgerald's request is fair, reasonable and properly supported.

Plaintiffs request that the medical healthcare insurance lien for R.B.'s treatment be reimbursed pursuant to the terms of the healthcare insurance contract. The healthcare insurance lien is $21,493.86.

THE COURT FINDS that the repayment of the healthcare insurance lien is fair and reasonable given the course of R.B.'s treatment and the total amount of his medical bills.

## V.

## ORDER

After reviewing the Petition for Compromise of Minor's Claim, the Court finds that the proposed settlement of R.B.'s claims in the amount of $525,000.00 fair and reasonable in light of the minor's claims and the recovery in similar cases.

Accordingly, the Court **ORDERS** as follows:

The settlement funds should be disbursed as follows:

(1) Attorney's fees in the total amount of $131,250.00 shall be paid to the law firm of Marler Clark, Plaintiffs' counsel; $8,567.45 shall be disbursed for costs incurred, this sum is also payable to Plaintiffs' attorneys, Marler Clark.

(2) Plaintiff, Taylor Fitzgerald shall be paid $8,558.53 as and for lost wages, and $895.00 as and for her out-of-pocket expenses.

(3) The healthcare insurance lien shall be paid $21,493.86 as and for the full and final payment of its lien.

(4) R.B.'s net recovery of $354,235.16 shall be deposited into the Pacific Life and Annuity

-7-

MURPHY & MURPHY LAW OFFICES
4482 Market Street, Ste 407
Ventura, CA 93003
Telephone (805) 330-3393
Facsimile (702) 369-9630

Services, Inc. structured settlement annuity. [Doc. No. 41-6, pp. 1-7; and Doc. No. 41-8, p. 2]. The funds will be held there until R.B. reaches the age of majority, eighteen. Until that time, no withdrawals of principal or interest may be made from the annuity account without a certified copy of a written order under this case name and number, signed by a judge of this Court. Upon R.B. reaching 18 years of age, payments shall be made in accordance with the terms of the annuity as follows:

$32,000.00 payable semi-annually, guaranteed for five years, beginning on 06/21/2029, with the last guaranteed payment on 12/21/2033;
$500.00 payable monthly, guaranteed for five years, beginning on 06/21/2029, with the last guaranteed payment on 05/21/2034; and
$144,937.87 paid as a lump sum 06/21/2036, guaranteed.

[Doc. No. 41-8, p. 2].

**IT IS SO ORDERED.**

Dated this 25th day of November, 2019.

_____
United States District Court Judge

Submitted by:

MURPHY & MURPHY LAW OFFICES

_____
Craig Murphy, Esq.
California Bar No. 314526
4482 Market Street, Ste 407
Ventura, CA 93003
(805) 330-3393 Phone
(702) 369-9630 Fax
Attorneys for Plaintiffs